**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**ALBANY DIVISION**

| | | |
|---|---|---|
| STATE NATIONAL INSURANCE | § | |
| COMPANY, INC. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:23-cv-1152 (FJS/CFH) |
| | § | |
| KENWOOD COMMONS, LLC, | § | |
| JACOB FRYDMAN, TBG FUNDING LLC, | § | |
| GUILD VENTURES, LLC F/K/A | § | |
| GUILD INVESTMENT GROUP, LLC | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## AND REQUEST FOR DECLARATORY JUDGMENT RELIEF

COMES NOW, Plaintiff, State National Insurance Company, Inc. ("State National"), and, pursuant to 28 U.S.C. §§ 2201, 2202, and Federal Rule of Civil Procedure 57, files this Original Complaint and Declaratory Judgment Action against Defendants, Kenwood Commons, LLC, Jacob Frydman, TBG Funding LLC, and Guild Ventures, LLC f/k/a Guild Investment Group, LLC. State National now seeks a declaratory judgment against Defendants that, based on material misrepresentations made by Kenwood Commons, LLC and Jacob Frydman at the time they applied for insurance with State National, policy number NXTV9CTKXK-00-CP was void *ab initio*. Additionally, and in the alternative, State National seeks a declaration that, based on various policy provisions in policy number NXTV9CTKXK-00-CP, there is no coverage for a fire that occurred on March 23, 2023 at100 Kenwood Road, Albany, New York. Additionally, and in the alternative, State National seeks a declaration that Kenwood Commons, LLC and Jacob Frydman did not have an insurable interest in the Kenwood Road property at the time of the insurance application or the time of the loss, and TBG Funding LLC and/or Guild Ventures, LLC f/k/a Guild Investment

Group, LLC did not have an insurable interest as mortgage holders in the same property at the time of the subject fire.

## I.   PARTIES

1.     The Plaintiff, State National Insurance Company, Inc. (the "Plaintiff"), a Texas corporation, has its principal place of business at 1900 L Don Dodson Dr., Bedford, Texas 76021, and is authorized to write insurance in the State of New York.

2.     Defendant, Kenwood Commons, LLC, is a named insured under policy number NXTV9CTKXK-00-CP.   Defendant, Kenwood Commons, LLC, is a domestic limited liability company organized and existing under the laws of the State of New York with its principal place of business in New York. Defendant, Kenwood Commons, LLC, may be served with the summons and the complaint by serving its registered agent, VCorp Agent Services, Inc., 25 Robert Pitt Drive, Suite 204, Monsey, New York, 10952.

3.     Defendant, Jacob Frydman, is a named insured under policy number NXTV9CTKXK-00-CP. Defendant, Jacob Frydman, can be personally served with the summons and complaint at 46 Ledgerock Road, Hyde Park, New York 12538.

4.     Defendant, TBG Funding LLC, is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York.  Defendant, TBG Funding LLC, may be served with the summons and the complaint by serving its registered agent, TBG Funding LLC, 3839 Flatlands Ave., Suite 201, Brooklyn, New York 11234

5.     Defendant, Guild Ventures, LLC f/k/a Guild Investment Group, LLC, is a foreign limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in New York.  Defendant, Guild Ventures, LLC f/k/a Guild Investment

Group, LLC, may be served with the summons and the complaint by serving its officers at 24 Fifth Avenue, Unit 1124, New York, New York, 10011.

## II.    JURISDICTION AND VENUE

6.    The United States District Court for the Northern District of New York, Albany Division, has diversity jurisdiction over this matter because Plaintiff and Defendants have diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). Plaintiff is a Texas entity with its principal place of business in Texas. Defendants are residents of Delaware and New York.

7.    In a suit for declaratory relief, the amount in controversy is measured by the value of the object of the litigation. *Correspondent Servs. Corp. v. JVW Inv., Ltd.*, 2004 U.S. Dist. LEXIS 19341, *21 (S.D.N.Y. 2004). The object of the litigation is the claim for damages to the subject property. As discussed below, prior to the incident in question, Defendant, Guild Ventures, LLC f/k/a Guild Investment Group, LLC, purchased the subject property for $100,000. Defendants have made claims for the policy limit of $1,750,000.

8.    Under 28 U.S.C. § 1390 and 1391, venue is proper in the United States District Court for the Northern District of New York, Albany Division, because the underlying incident occurred within this district and the property that is the object of this litigation was located within this district. Defendants, Kenwood Commons, LLC and Jacob Frydman, also conducted business within the district in Albany, New York.

9.    Plaintiff brings this action to determine, under the Uniform Declaratory Judgments Act, Section 3001, et seq., of the New York Civil Practice Law & Rules, its obligation under a contract of insurance with Kenwood Commons, LLC and Jacob Frydman. Specifically, Plaintiff seeks a declaration from the Court that the relevant policy was void from inception due to material

misrepresentations made by Kenwood Commons, LLC and/or Jacob Frydman at the time they submitted their application of insurance concerning the subject property. Additionally, and in the alternative, Plaintiff seeks a declaration that the policy does not provide coverage to the subject property because neither Kenwood Commons, LLC nor Jacob Frydman had an insurable interest in the subject property at the time of the insurance inception or on the date of the fire in question. Additionally, and in the alternative, Plaintiff seeks a declaration that TBG Funding LLC and/or Guild Ventures, LLC f/k/a Guild Investment Group, LLC did not have an insurable interest in the property as mortgage holders at the time of the subject incident. Additionally, and in the alternative, Plaintiff seeks a declaration that Kenwood Commons, LLC and Jacob Frydman have not complied with conditions precedent to recovery. Additionally, and in the alternative, Plaintiff seeks a declaration that the subject insurance policy does not provide coverage to the property damage caused by the incident in question due to application of one or more exclusions. Specifically, in the event the policy was not void at inception and there was an insurable interest in the property at the time of the incident and the time of loss, Plaintiff seeks a declaration that the protective safeguards endorsement applies to exclude coverage because (1) at the time of the subject fire the property in question was not connected to a central station and did not report to a public or private fire alarm station, and (2) before the subject fire Kenwood Commons, LLC and Jacob Frydman knew of suspension or impairment of the automatic fire alarm system and failed to notify Plaintiff regarding the same and/or failed to maintain the automatic fire alarm system at the property in a complete working order. Additionally, and in the alternative, in the event the policy was not void at inception and there was an insurable interest in the property at the time of the incident and at the time of the loss, Plaintiff seeks a declaration that the vacancy exclusion applies because the subject Property was vacant for more than sixty (60) consecutive days before

the subject fire.  Plaintiff seeks a declaration that, because there is no coverage under the policy for the subject fire, Plaintiff is not required to pay insurance policy benefits to Kenwood Commons, LLC, Jacob Frydman, TBG Funding LLC and/or Guild Ventures, LLC f/k/a Guild Investment Group, LLC for damage to the property that is the subject of the aforementioned insurance policy.

10.     Plaintiff has complied with the laws of the State of New York pertaining to corporations engaged in insurance business therein, has paid all taxes and assessments and license fees, and has filed all reports required by the State of New York.

### III.     FACTUAL BACKGROUND

11.     On August 21, 2017, Kenwood Commons, LLC purchased 451 Southern Boulevard, Albany, New York 12202 (the "Property").  The Property dates back to the mid 1800s, sits on approximately 74 acres, and is made up of multiple buildings.  During its history, the Property served as a convent and a school, the Doane Stuart School.  Upon information and belief, by 1871, a Gothic chapel had been completed at the Property.  The building that housed the chapel totaled at least 100,000 square feet.

12.     Kenwood Commons, LLC later took out a mortgage with TBG Funding LLC concerning the Property.  Jacob Frydman guaranteed the mortgage.  The address for 451 Southern Boulevard changed to 100 Kenwood Road.  Between September 6, 2018 and November 21, 2019, multiple vendors filed mechanic's liens on the Property.  Kenwood Commons, LLC also defaulted on the mortgage.

13.     On April 23, 2019, TBG Funding LLC filed a foreclosure action.  The foreclosure action was styled *TBG Funding LLC v. Kenwood Commons, LLC et al.*, Index No. 902353-19, in the Supreme Court of the State of New York, County of Albany (the "Foreclosure Action").  TBG Funding LLC included over ten vendors / mechanics lienholders as necessary parties to the action.

As of June 30, 2021, the total amount due for principal and interest on the note and mortgage was $8,069,037.03.  The same amount included insurance payments of approximately $4,144.83 per month.

14.    Based upon information and belief, in 2020 the City of Albany boarded up windows and doors left open to the elements by Kenwood Commons, LLC.  The cost of the same was approximately $42,000.

15.    On January 11, 2022, an amended judgment of foreclosure and sale was entered in the Foreclosure Action.  The same found that the sum of $8,069,037.03 was due to TBG Funding LLC as of June 30, 2021.  **Exhibit C**.  The amended judgment of foreclosure and sale provided that it was:

> **ORDERED, ADJUDGED AND DECREED**, that **each and all of the defendants** in this action and all persons claiming under them, or any or either of them after the filing of such notice of pendency of this action, be and they are **hereby forever barred and foreclosed of all right, claim, lien, title, interest** and equity of redemption **in the Property** and each and every part thereof . . .

*Id.* at pg. 8 (emphasis added).

16.    Pursuant to the foreclosure judgment, the Property was scheduled to be sold at auction on March 30, 2022.

17.    Despite the foreclosure judgment which barred Kenwood Commons, LLC and Jacob Frydman from having any right, claim, lien, title, or interest in the Property, Kenwood Commons, LLC filed bankruptcy and took out a commercial insurance policy on the Property shortly before the sale was to take place.

18.    Specifically, on or about March 28, 2022, Jacob Frydman and/or Kenwood Commons LLC submitted an insurance application to Plaintiff to obtain commercial property insurance for the Property.

19.     The insurance application represented that Kenwood Commons, LLC and its officers, owners, or partners had not declared bankruptcy in the past 3 years.  The application also represented Kenwood Commons, LLC and its officers, owners, or partners had not had business-related lawsuits, mediations, or arbitrations filed against them.[1]  The application represented that Jacob Frydman and Kenwood Commons, LLC had not had any judgments or liens placed against them in the last three years; however, as referenced above, multiple vendors filed mechanic's liens against the Property that had been owned by Kenwood Commons, LLC.

20.     The insurance application further represented that the Property was built in 1966 and had approximately 5,000 square feet.  The insurance application represented that the Property had a central burglar alarm and a central fire alarm.  The insurance application also represented that the Property's plumbing, electrical, and heating had been updated in the past 15 years, and that the roof was last updated in 2018.

21.     On the same day that it took out the Policy, Kenwood Commons, LLC filed bankruptcy in the Southern District of New York.  The bankruptcy matter was styled *In re Kenwood Commons, LLC*, Case No. 22-35169-SHL, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Action").  *See* **Exhibit D**.  The bankruptcy petition listed the location of the principal assets as 100 Kenwood Road.  *Id.*

---

[1] In addition to the Foreclosure Action, in 2020, David Grozinsky filed an action against Kenwood Commons, LLC and Jacob Frydman.  The same matter was styled *David Grozinsky v. Kenwood Commons LLC et al.*, Index No. 650950/2020, in the Supreme Court of the State of New York, New York County.  Other business related lawsuits against Kenwood Commons, LLC and Jacob Frydman included *Silverman v. Deluxe Building Solutions, LLC and Jacob Frydman*, Case No. 1:20-cv-04842-KPF-RWL, In the United States District Court for the Southern District of New York; *Troy Ironworks, Inc. v. Kenwood Commons LLC*, Index No. 04631-19, In the Supreme Court of the State of New York, Albany County; and *Verschleiser v. Jacob Frydman*, Index No. 150304/2019, In the Supreme Court of the State of New York, New York County.

22.     In reliance on the representations made in the application for insurance, State National Insurance Company, Inc. issued a commercial property insurance policy, policy number NXTV9CTKXK-00-CP ("the Policy") to Jacob Frydman and Kenwood Commons, LLC.   The Policy listed the premise address as 100 Kenwood Road and had effective dates of March 28, 2022 to March 28, 2023.   The Policy had a building limit of insurance of $1,750,000 and business personal property limit of insurance of $300,000.   The total annual premium for the policy was $2,979 – significantly less than one single monthly premium payment the prior mortgage holder paid through June 30, 2021.

23.     On or about November 10, 2022, TBG Funding LLC assigned the mortgage on the Property to Guild Investment Group LLC.

24.     Based on information and belief, in 2023, the City of Albany continued to monitor and re-board the buildings at the Property, kicking out teenagers and squatters.

25.     Subsequently, the bankruptcy court lifted the stay, and the sale of the Property took place on March 21, 2023.   The Property sold at auction to Guild Investment Group LLC[2] for $100,000.  **Exhibit E**.  In purchasing the Property, Guild Investment Group LLC agreed to comply with the Terms of the Sale.  *Id.*  The Terms of the Sale provided that "**Purchaser assumes all risk of loss or damage to the premises from the date of sale** until the date of closing and thereafter." *Id.* (emphasis added).

26.     On March 23, 2023, two days after Guild Investment Group LLC's purchase of the Property and five days before the end of the Policy's term, a fire occurred at the Property.  The

---

[2] On or about April 10, 2023, Guild Investment Group, LLC changed its name to Guild Ventures, LLC.

fire destroyed the primary building where the chapel was located and caused substantial damage to the Property.

27.     After the fire, Kenwood Commons, LLC and/or Jacob Frydman filed a property insurance claim with Plaintiff to receive policy benefits for the real and personal property damages caused by the subject incident.   Guild Ventures, LLC f/k/a Guild Investment Group, LLC as successor in interest to TBG Funding LLC also filed a claim under the Policy for the damage caused by the subject incident.

28.     Plaintiff assigned claim number NXTC-NYCP-XLLQCT to the claim (the "Claim") and commenced its investigation into the same.   During its investigation, Plaintiff determined that, at the time of the fire, the Property did not have gas or electricity.   Kenwood Commons LLC and/or Mr. Frydman confirmed that, after the sale of the Property at auction, they shut off the utilities to the Property.   Plaintiff determined that, at the time of the fire, the Property did not have an automatic fire alarm that was connected to a central station or reported to a public or private fire alarm station.   Plaintiff determined that Kenwood Commons LLC and/or Mr. Frydman knew of the suspension or impairment of the automatic fire alarm that the Policy required to protect the entire building and/or failed to maintain the same protective safeguard.   Plaintiff determined that multiple mechanic's liens had been filed against the Property.   Plaintiff also determined the Property was built well before 1966, had much more than 5,000 square feet, and was foreclosed on and sold before the subject fire.   Additionally, Plaintiff determined that Kenwood Commons, LLC and/or Mr. Frydman had business-related lawsuits, mediations, and/or arbitrations filed against them.   Plaintiff also determined that, the day Kenwood Commons, LLC and/or Mr. Frydman applied for insurance with the Plaintiff, Kenwood Commons, LLC filed for bankruptcy.   Plaintiff determined that an affiliate of Kenwood Commons, LLC was the subject of

a bankruptcy proceeding in the Middle District of Pennsylvania. Plaintiff determined that Kenwood Commons, LLC and/or Mr. Frydman abandoned the Property, and the Property was vacant for more than 60 days before the subject fire.

## IV.   INSURANCE APPLICATION

29.     A true and correct copy of the insurance application submitted by Jacob Frydman and/or Kenwood Commons, LLC is attached hereto as **Exhibit A**.

30.     In relevant part, the insurance application represented the following:

---

### About your work

Has your commercial insurance coverage been canceled, revoked, or non-renewed in the last 3 years (other than cancellation for non-payment or non-renewal for discontinuation of program)?
**No**
Has your business, or any of its officers, owners, or partners:
**No**
* **Been convicted of a felony in the past 5 years?**
* **Declared bankruptcy in the past 3 years?**
* **Had business-related lawsuits, mediations, or arbitrations filed against them?**
* **Become aware of any losses, accidents, or circumstances that might give rise to a claim against this policy?**

---

\* \* \*

---

### About your primary location

Are there multiple units (residential or commercial) in your building?
**No**
How many floors in this building?
**4**
What year was this building built?
**1966**
Has the plumbing, electrical, and heating been updated in the past 15 years?
**Yes**
What year was the roof of the building last updated?
**2018**
What is the approximate square footage of your business?
**5000**

---

\* \* \*



\* \* \*

## Your Representations to Us

You are at least 18 years of age.

You are authorized to purchase and bind this insurance on behalf of the entity applying for coverage.

You have not had any judgments or liens placed against you in the last three years.

\* \* \*

**Exhibit A** (underlined emphasis added).

### V.    INSURANCE POLICY

31.     A true and correct copy of the insurance policy issued to Jacob Frydman and Kenwood Commons, LLC is attached hereto as **Exhibit B**.

32.     In relevant part, the Policy contained the following provisions:

### PROPERTY COVERAGE FORM
### (PROPERTY NXT-CP-1001.3-0320)

\* \* \*

### SECTION I – PROPERTY

**A.**     **Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\* \* \*

**B.**     **Exclusions**

\* \* \*

**2.**     We will not pay for loss or damage caused by or resulting from any of the following:

\* \* \*

**f.**     **Dishonesty**

Dishonest or criminal acts (including theft) by you, anyone else with an interest in the property, or any of your or their partners, "members", officers, "managers", employees (including temporary or leased employees), directors, trustees or authorized representatives, whether acting alone or in collusion with each other or with any other party; or theft by any person to whom you entrust the property for any purpose, whether acting alone or in collusion with any other party.

This exclusion:

**(1)**     Applies whether or not an act occurs during your normal hours of operation;

**(2)**     Does not apply to acts of destruction by your employees (including temporary or leased employees) or authorized representatives; but theft by your employees (including temporary or leased employees) or authorized representatives is not covered.

With respect to accounts receivable and "valuable papers and records", this exclusion does not apply to carriers for hire.

This exclusion does not apply to coverage that is provided under the Employee Dishonesty Optional Coverage.

\* \* \*

**E.**     **Property Loss Conditions**

\* \* \*

**3.**     **Duties In The Event Of Loss Or Damage**

    **a.**     You must see that the following are done in the event of loss or damage to Covered Property:

        **(1)**     Notify the police if a law may have been broken.

        **(2)**     Give us prompt notice of the loss or damage. Include a description of the property involved.

        **(3)**     As soon as possible, give us a description of how, when and where the loss or damage occurred.

        **(4)**     Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limits of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss.  Also, if feasible, set the damaged property aside and in the best possible order for examination.

        **(5)**     At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

        **(6)**     As often as may be reasonably required, permit us to inspect the property proving the

loss or damage and examine your books and records.

Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

**(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim.   You must do this within 60 days after our request.   We will supply you with the necessary forms.

**(8)** Cooperate with us in the investigation or settlement of the claim.

**(9)** Resume all or part of your "operations" as quickly as possible.

**b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records.   In the event of an examination, an insured's answers must be signed.

\* \* \*

**8.** **Vacancy**

**a.** **Description of Terms**

**(1)** As used in this Vacancy Condition, the term building and the term vacant have the meanings set forth in Paragraphs **(a)** and **(b)** below:

**(a)** When this policy is issued to a tenant, and with respect to that tenant's interest in Covered Property, building means the unit or suite rented or leased to the tenant.  Such building is vacant when it does not contain enough business personal property to conduct customary operations.

**(b)** When this policy is issued to the owner or general lessee of a building, building means the entire building. Such building is vacant unless 31% of its total square footage is:

**(i)** Rented to lessee or sublessee and used by the lessee or sublessee to conduct its customary operations; and/or

**(ii)** Used by the building owner to conduct customary operations.

**(2)** Buildings under construction or renovation are not considered vacant.

**b.** **Vacancy Provisions**

If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

**(1)** We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

**(a)** Vandalism;

**(b)** Sprinkler leakage, unless you have protected the system against freezing;

**(c)** Building glass breakage;

**(d)** Water damage;

**(e)** Theft; or

**(f)** Attempted theft.

**(2)** With respect to  Covered Causes of Loss other than those listed in Paragraphs **(1)(a)** through **(1)(f)** above, we  will  reduce  the

amount we would otherwise pay for the loss or damage by 15%.

\* \* \*

## PROPERTY COMMON POLICY CONDITIONS
## (PROPERTY NXT-CP-1001.3-0219)

### SECTION III – COMMON POLICY CONDITIONS

All coverages of this policy are subject to the following conditions.

\* \* \*

**C.    Concealment, Misrepresentation Or Fraud**

This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceals or misrepresents a material fact concerning:

**1.**    This policy;

**2.**    The Covered Property;

**3.**    Your interest in the Covered Property; or

**4.**    A claim under this policy.

**D.    Examination Of Your Books And Records**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

\* \* \*

**H.    Other Insurance**

**(1)**    If there is other insurance covering the same loss or damage, we will pay only for the amount of covered loss or damage in excess of the amount due from that other insurance, whether you can collect on it or not. But we will not pay more than the applicable Limit of Insurance of Section **I – Property**.

\* \* \*

## PROPERTY
## (NXT-CP-2013.1-0419)

## PROTECTIVE SAFEGUARDS

This endorsement modifies insurance provided under the following:

PROPERTY COVERAGE FORM

## SCHEDULE

**Protective Safeguards Symbols Applicable**

P-2

\* \* \*

**A.**    The following is added to the **Property General Conditions in Section I – Property:**

**Property Safeguards**

(1)    As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above.

(2)    The protective safeguards to which this endorsement applies are identified by the following symbols:

\* \* \*

(b)    **"P-2" Automatic Fire Alarm**, protecting the entire building, that is:

(1)    Connected to the central station; or

(2)    Reporting to a public or private fire alarm station.

\* \* \*

**B.**    The following is added to the Paragraph **B. Exclusions** in **Section I – Property:**

We will not pay for loss or damages caused by or resulting from fire if, prior to the fire, you:

(1) Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or

(2) Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.

\* \* \*

## NEW YORK CHANGES
## (NXT-CP-2066.1-NY-0720)

This endorsement modifies insurance provided under the following:

PROPERTY COVERAGE FORM
PROPERTY COMMON POLICY CONDITIONS

\* \* \*

**B.** **Section III – Common Policy Conditions** is amended as follows:

\* \* \*

**9.** Paragraph **C. Concealment, Misrepresentation Or Fraud** is replaced by the following:

**C.** **Concealment, Misrepresentation Or Fraud**

We do not provide coverage for any insured who had made fraudulent statements or engaged in fraudulent conduct in connection with any loss or damage for which coverage is sought under this Policy.

\* \* \* \*

**Exhibit B**.

## VI. REQUEST FOR DECLARATORY RELIEF

33. Plaintiff petitions the Court, pursuant to 28 U.S.C. §§ 2201, 2202, and Federal Rule of Civil Procedure 57, as follows.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, State National Insurance Company, Inc., prays that this Court:

(1)     Adjudicate and declare:

      a.     Policy number NXTV9CTKXK-00-CP issued by State National Insurance Company, Inc. to Jacob Frydman and Kenwood Commons, LLC is void *ab initio* due to material misrepresentations in the application for insurance;

      b.     That no coverage exists with respect to claim number NXTC-NYCP-XLLQCT because policy number NXTV9CTKXK-00-CP was void *ab initio*;

      c.     That no coverage exists with respect to claim number NXTC-NYCP-XLLQCT or policy number NXTV9CTKXK-00-CP for a fire at 100 Kenwood Road, Albany, New York on March 23, 2023 because Jacob Frydman and/or Kenwood Commons, LLC did not have an insurable interest in 100 Kenwood Road at the time the policy incepted and/or at the time of the same fire;

      d.     That no coverage exists with respect to claim number NXTC-NYCP-XLLQCT or policy number NXTV9CTKXK-00-CP for a fire at 100 Kenwood Road, Albany, New York on March 23, 2023 because TBG Funding LLC and/or Guild Ventures, LLC f/k/a Guild Investment Group, LLC did not have an insurable interest in the property as mortgage holders at the time of the same fire;

      e.     That no coverage exists with respect to claim number NXTC-NYCP-XLLQCT or policy number NXTV9CTKXK-00-CP for a fire at 100

Kenwood Road, Albany, New York on March 23, 2023 because the same property was vacant for more than sixty (60) consecutive days before the same fire;

f.   That no coverage exists with respect to claim number NXTC-NYCP-XLLQCT or policy number NXTV9CTKXK-00-CP for a fire at 100 Kenwood Road, Albany, New York on March 23, 2023 because at the time of the same fire the property was not connected to a central station and did not report to a public or private fire alarm station, and Jacob Frydman and Kenwood Commons, LLC knew of suspension or impairment of the automatic fire alarm system and failed to notify Plaintiff regarding the same;

g.   That no coverage exists with respect to claim number NXTC-NYCP-XLLQCT or policy number NXTV9CTKXK-00-CP for a fire at 100 Kenwood Road, Albany, New York on March 23, 2023 because at the time of the same fire Jacob Frydman and Kenwood Commons, LLC failed to maintain the automatic fire alarm system at the property in a complete working order;

h.   Because there is no coverage under policy number NXTV9CTKXK-00-CP for a fire at 100 Kenwood Road, Albany, New York on March 23, 2023, Plaintiff is not required to indemnify Kenwood Commons, LLC, Jacob Frydman, TBG Funding LLC, and/or Guild Ventures, LLC f/k/a Guild Investment Group, LLC for any property damages caused by the same fire, including the property damages submitted under claim number NXTC-NYCP-XLLQCT; and

(2)     Such other relief to with the Plaintiff may be justly entitled.

Respectfully submitted,

GAUNTT KOEN BINNEY & KIDD LLP

By: _____
John Chadwick Gauntt
Texas Bar No. 07765990
W. Chris Surber
Texas Bar No. 24064052
25700 I-45 North, Suite 130
Spring, Texas 77386
Telephone:      281-367-6555
Facsimile:      281-367-3705
Email:          chad.gauntt@gkbklaw.com
Email:          chris.surber@gkbklaw.com
Attorneys for Plaintiff
*to be admitted pro hac vice*


O'CONNOR, O'CONNOR
BRESEE & FIRST. P.C.

By: _____
DIANNE C. BRESEE
New York Bar Roll No. 102930
20 Corporate Woods Blvd.
Albany, New York 12211
Telephone: 518.465.0400
Cell phone:  518.424.1250
Email: Bresee@oobf.com
Local attorneys for Plaintiff

STATE OF TEXAS               §
                             §
COUNTY OF MONTGOMERY         §

    Affiant, J. Chad Gauntt, attorney State National Insurance Company, Inc., being duly sworn, says that:

1.    Affiant is attorney of record for State National Insurance Company, Inc., Plaintiff, and, as such, is authorized to make this verification;

2.    Affiant has read the foregoing Plaintiff's Original Complaint;

3.    Affiant has knowledge of the matters set forth in Plaintiff's Original Complaint; and

4.    Such matters are true on information and belief, which Affiant believes to be true.

                                          J. Chad Gauntt

STATE OF TEXAS               §
                             §
COUNTY OF MONTGOMERY         §

    This instrument was acknowledged before me by J. Chad Gauntt in his capacity as counsel for State National Insurance Company, Inc. and as a duly authorized representative of Gauntt, Koen, Binney & Kidd, LLP on this the _7th_ day of _September_, 2023.


ROBIN NICHOLS
My Notary ID # 7889127
Expires August 29, 2027

                              Notary Public in and for
                              the State of Texas